IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

　　　　　　　Plaintiff,　　　　　　　No. CIV S-02-2203 MCE KJM P

　　vs.

D.L. RUNNELS, et al.,　　　　　　ORDER AND

　　　　　　　Defendants.　　　　　FINDINGS AND RECOMMENDATIONS

_____/

　　　　　Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Defendant Runnels' May 23, 2005 motion for summary judgment is before the court.

I. Preliminary Matters

　　A. Objections To Transcript Of Deposition

　　　　　On June 20, 2005, plaintiff filed a document indicating that he objects to certain portions of the transcript of his deposition.  Plaintiff believes the court reporter failed to correctly record some portions of his testimony.  The court has reviewed the material plaintiff asserts reflects his deposition testimony incorrectly and determined that none of the challenged material is necessary to resolve defendant's pending motion for summary judgment.  Therefore this material will be disregarded.

1

B.  Request For An Extension Of Time To File Opposition

Plaintiff has requested an extension of time to file his opposition to defendant's motion for summary judgment.  Good cause appearing, plaintiff's request for an extension of time will be granted and his June 29, 2005 opposition will be deemed timely.

C.  Plaintiff's Response to Defendant's Reply

On July 20, 2005, and without leave of court, plaintiff filed a response to defendant's reply brief concerning defendant's motion for summary judgment.  With respect to briefing a motion for summary judgment, Local Rule 78-230(m) allows for the motion itself, an opposition, and then a reply.  In light of the foregoing, the court will not consider plaintiff's response to defendant's reply.

II.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>see</u> <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  <u>See</u> <u>Anderson,</u>

477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

On March 2, 2004, the court advised plaintiff of the requirements for opposing a motion under Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

III.  Plaintiff's Allegations

The only claim remaining before the court is that portion of "Count One" in plaintiff's third amended complaint that pertains to defendant Runnels, the Warden of High Desert State Prison (High Desert).[1]

Plaintiff claims that when he arrived at High Desert in May of 2001, he had a reputation among some other inmates as being a "snitch."[2]  Plaintiff believes there is an agreement among California Department of Corrections inmates who are gang members to stab

---

[1]  In his opposition, plaintiff suggests that this action also is proceeding on equal protection and Fourteenth Amendment claims against defendant Runnels. Pl.'s Mem. P. & A. In Opp'n To Summ. J. (docket no. 112) (Opp'n) at 2:5-11.  These claims are not asserted within "Count One" of plaintiff's third amended complaint.  All other claims have been dismissed.  See Order filed March 24, 2005 (docket no. 97).

[2]  The record before the court shows that plaintiff was transferred to High Desert on May 9, 2001. June 29, 2005 Affidavit of Richard Joseph Crane (docket no. 115) at 3:27-28.  Plaintiff was transferred from High Desert on June 12, 2003. Def't's Exs. in Supp. Summ. J., Ex. 2 at 1.

4

other inmates identified as "snitches."   Despite this, for at least some of his stay at High Desert,

plaintiff was housed in general population.  Plaintiff alleges this housing arrangement caused him

"severe emotional and psychological distress" and caused plaintiff to serve ten months in

administrative segregation.  Third Am. Compl. at 4, 5-6, 9-10.

Plaintiff claims defendant Runnels knew that inmates such as plaintiff were being

attacked constantly at High Desert.  Because Runnels had this knowledge, plaintiff alleges

Runnels should either have made sure that plaintiff was housed in protective custody at High

Desert or transferred plaintiff to another facility.  Id. at 12-13.

Based on the allegations summarized above, plaintiff claims Runnels has violated

plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

IV.  Arguments And Analysis

Defendant argues, among other things, that it is undisputed on the record before

the court that he took no action leading to plaintiff's injuries.  The Eighth Amendment's

prohibition on cruel and unusual punishment imposes on prison officials, among other things, a

duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan,

511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An

inmate's Eighth Amendment rights are violated by a prison official if that official exposes an

inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that

risk.  Id. at 834.  It must be noted that supervisory officials cannot be held vicariously liable for

the actions of their subordinates in a section 1983 action.  Hansen v. Black, 885 F.2d 642, 645-46

(9th Cir. 1989).  A supervisor, however, can be held liable for a violation of constitutional rights

even if he or she was not personally involved in the actions that led to the violation, if the

supervisor implemented a policy so deficient that the policy itself is a repudiation of

constitutional rights and is the moving force behind the constitutional violation.  Id.

The court has reviewed all relevant portions of the record and finds that there is

no evidence before the court suggesting defendant Runnels was  personally involved in any

1   housing decision concerning plaintiff or any decision regarding whether plaintiff should have

2   been housed at High Desert.  See  Def't's Exs. in Supp. Summ J., Ex. 11 (excerpt of plaintiff's

3   deposition in which plaintiff identifies no basis for defendant's liability other than his position as

4   warden).  Furthermore, there is no evidence indicating defendant Runnels implemented an

5   inherently flawed policy that resulted in plaintiff being subjected to a substantial risk of serious

6   harm.  Plaintiff has presented evidence in the form of affidavits from fellow inmates indicating

7   they have been attacked by other inmates at High Desert.  See Pl.'s Exs. In Opp'n To Summ. J.,

8   Exs. 5, 7 & 8 (Turner Decl.).  But he has presented no evidence suggesting the attacks were a

9   direct result of a policy issued by defendant Runnels.  Runnels thus is entitled to summary

10  judgment and the court need not address his other arguments asserted in favor of summary

11  judgment.

12  V.  Miscellaneous

13      A.  November 16, 2005 Request For Judicial Notice

14          Plaintiff asks that the court take judicial notice of a case he has filed in the United

15  States District Court for the Central District of California.  In that case, he names as defendants

16  two correctional officers who were dismissed from this case for lack of venue; the case is still

17  pending.  Plaintiff's request will be denied as plaintiff asserts no reason for the taking of judicial

18  notice of the case referenced, in the context of the pending summary judgment motion.

19      B. Motion For A Preliminary Inunction

20          On December 15, 2005, plaintiff filed a motion seeking a preliminary injunction;

21  he supplemented the motion with a filing on January 30, 2006.   Plaintiff asks that the court issue

22  an injunction "to prevent defendants from retaliating and subjecting plaintiff to 'C' status

23  unjustly and in retaliation for exercising his First Amendment rights."  As noted above, plaintiff

24  no longer resides at the prison where defendant Runnels–the only defendant in this action–is the

25  warden.  Def.'s Ex. 2 at 1. Furthermore, plaintiff has not shown that Runnels has retaliated

26  against plaintiff or subjected hin to "C" status.  Accordingly, there is no basis for issuing an

1  injunction against defendant Runnels.  <u>Weinstein v. Bradford</u>, 423 U.S. 147 (1975), <u>Dilley v.</u>
2  <u>Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

3                      In accordance with the above, IT IS HEREBY ORDERED that:

4                      1.  Plaintiff's June 29, 2005 request for an extension of time is granted;

5                      2.  Plaintiff's June 29, 2005 opposition to defendant Runnels's motion for
6  summary judgment is deemed timely; and

7                      3.  Plaintiff's November 16, 2005 request for judicial notice is denied.

8                      IT IS HEREBY RECOMMENDED that:

9                      1.  Plaintiff's December 15, 2005 motion for a preliminary injunction, as
10  supplemented on January 30, 2006, be denied;

11                      2.  Defendant Runnels's May 23, 2005 motion for summary judgment be granted;
12  and

13                      3.  This case be closed.

14                      These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16  days after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties.  Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19  shall be served and filed within ten days after service of the objections.  The parties are advised
20  that failure to file objections within the specified time may waive the right to appeal the District
21  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22  DATED:  February 24, 2006.

24                                                          UNITED STATES MAGISTRATE JUDGE

26  1/cran2203.57(3)